In re Helge WACHSMUTH by and through Dr. Heinrich GUSSEN and Dr. Jörg Schülter, as Bankruptcy Trustee for the Estate of Eckhard Möller–Bückins, a Debtor in a Foreign Proceeding, Debtor.

Helge Wachsmuth by and through Dr. Heinrich Gussen and Dr. Jörg Schülter, as Bankruptcy Trustee for the Estate of Eckhard Möller–Bückins, a Debtor in a Foreign Proceeding, Plaintiff,

v.

Steven E. Cohen, Jacobsen, Cohen & Cohen, P.A., Daniel S. Mandel, Mandel, Weisman & Kirschner, P.A., Marex, Inc., Herbert Humphreys, Jr. and Roger Taylor, Defendants.

Bankruptcy Nos. 96–10523, 98–00001.
Adversary No. 00–686.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Aug. 21, 2001.

Jonathan D. Fishbane, Naples, FL, for Plaintiff.

Steven M. Berman, Tampa, FL, Fred M. Ridolphi, Jr., Memphis, TN, Robert L. Young, Orlando, FL, Daniel S. Mandel, Boca Raton, FL, for Defendant.

## ORDER ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this ancillary case is an adversary proceeding commenced by Helge Wachsmuth by and through Dr. Henrich Gussen and Dr. Jörg Schlüter, as Bankruptcy Trustee for the Estate of Eckhard Möller–Bückins, a Debtor in a Foreign Proceeding. The Complaint named Steven E. Cohen; Jacobsen, Cohen & Cohen, P.A. (JCC); Daniel S. Mandel; William Weisman; Mandel, Weisman & Kirschner, P.A. (MWK), (collectively known as the Principal Defendants); as well as Marex, Inc., Herbert Humphreys, Jr., and Roger Taylor as Defendants. This is the Third Amended Complaint, the first having been dismissed without prejudice and the second superseded by the Third Amended Complaint, which is presently under attack by all the Defendants who filed their respective Motions to Dismiss.

The Third Amended Complaint (Complaint), drafted in due consideration of the requirements of Fed.R.Civ.P. 7008 as adopted by B.R. 7008 consists of 29 pages in which the Plaintiff sets forth 17 claims in 17 separate counts. The Complaint sets forth some general allegations, primarily devoted to the jurisdictional basis for the lawsuit, and some allegations concerning the transactions which form the basis for the claims asserted which are plead as follows:

The claim in Count I is based on 11 U.S.C. § 304 and §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1), Florida Statutes. In this Count the Plaintiff seeks a recovery in excess of $203,813.56 from Steven E. Cohen (Cohen) and the law firm of JCC as initial transferees of a transfer made with actual intent to hinder, delay or defraud creditors of Möller–Bückins, a Debtor who is currently involved in an insolvency proceeding in the Federal Republic of Germany.

The claim asserted against Cohen and JCC in Count II is based on §§ 31 and 37 of Konkurs und Vergleichsrecht (KO) and under the Anfechtungsgesetz (the Creditor's Avoidance of Transfers Act) for fraudulent transfers under German law.

The claim asserted against Cohen and JCC in Count III is based on §§ 30 and 37 of the KO and under the Anfechtungsgesetz (the Creditor's Avoidance of Transfers Act) alleging that in violation of these provisions, Cohen and JCC, as agent or agents for the Debtor, and/or as his fiduciary or trustee, made unauthorized postpetition transfers totaling $927,953.31.

The claim asserted against Cohen and JCC in Count IV is based on 11 U.S.C. § 304(b)(2) and (c) and alleges that the Plaintiff is entitled to a turnover of funds of the Debtor which are in the possession of Cohen and/or JCC or under their control.

The claim against Cohen and JCC in Count V alleges that the Plaintiff is entitled to an accounting of the disposition of the funds of the Debtor and his bankrupt-

cy estate, which were received by Cohen and JCC after July 16, 1996, or which are now in the possession and under the control of these Defendants.

The claim in Count VI is based on 11 U.S.C. § 304 and §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1), Florida Statutes. In this Count, the Plaintiff seeks a recovery in excess of $85,000 from Daniel S. Mandel (Mandel), William Weisman (Weisman), and the law firm of MWK as initial transferees of transfers made with actual intent to hinder, delay or defraud creditors of Möller–Bückins.

The claim asserted against Mandel, Weisman and MWK in Count VII is based on 11 U.S.C. § 304 and §§ 30, 31 and 37 of Konkurs und Vergleichsrecht (KO) and under the Anfechtungsgesetz (the Creditor's Avoidance of Transfers Act) for fraudulent transfers under German law.

The claim asserted against Mandel, Weisman and MWK in Count VIII is based on 11 U.S.C. § 304(b)(2) and (c) and alleges that the Plaintiff is entitled to a turnover of funds of the Debtor which are in the possession of Mandel, Weisman and/or MWK or under their control.

The claim against Mandel, Weisman and MWK in Count IX alleges that the Plaintiff is entitled to an accounting of the disposition of the funds of the Debtor, and his bankruptcy estate, that were received by Mandel, Weisman and MWK after July 16, 1996, or which are now in the possession and under the control of the Defendants.

The claim asserted against Cohen, Mandel, Weisman, JCC and MWK in Count X are based on fraud. The Plaintiff alleges that Cohen, Mandel, Weisman, JCC and MWK knowingly made false statements of material fact with the intent to induce Möller–Bückins to rely upon the material misrepresentations to make the transfers.

The claim asserted against Cohen, Mandel, Weisman, JCC and MWK in Count XI is for damages for conversion. In this Count the Plaintiff alleges that Cohen, Mandel, Weisman, JCC and/or MWK wrongfully received and converted to their own use funds that belonged to the bankruptcy estate of Möller–Bückins.

The claim in Count XII is based on 11 U.S.C. § 304 and §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1), Florida Statutes. In this Count, the Plaintiff seeks a recovery of transfers made by Cohen and/or JCC from March through July 1995 to Marex, Inc. (Marex) and Herbert Humphreys, Jr. (Humphreys) for use in funding a search and salvage expedition in Haiti, which transfers were made with actual intent to hinder, delay or defraud creditors of Möller–Bückins. The Plaintiff concedes that this Count may be stayed as to Marex, based upon Marex's status as a Debtor in a bankruptcy case filed and currently pending in the Bankruptcy Court in the Western District of Tennessee in the United States.

The claim asserted against Marex and Humphreys in Count XII is based on 11 U.S.C. § 304 and §§ 31 and 37 of Konkurs und Vergleichsrecht (KO) and under the Anfechtungsgesetz (the Creditor's Avoidance of Transfers Act) for fraudulent transfers under German law.

The claim against Marex and Humphreys in Count XIV alleges that the Plaintiff is entitled to an accounting of the disposition of the funds of the Debtor, and his bankruptcy estate, that were received by Marex and Humphreys to fund a search and salvage operation in Haiti.

The claim in Count XV is based on 11 U.S.C. § 304 and §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1), Florida Statutes. In this Count the Plaintiff seeks a recovery of transfers made by Cohen

and/or JCC to Roger Taylor (Taylor) with actual intent to hinder, delay or defraud creditors of Möller–Bückins.

The claim asserted against Taylor in Count XVI is based on 11 U.S.C. § 304 and §§ 31 and 37 of Konkurs und Vergleichsrecht (KO) and under the Anfechtungsgesetz (the Creditor's Avoidance of Transfers Act) for fraudulent transfers under German law.

The claim against Taylor in Count XVII alleges that the Plaintiff is entitled to an accounting of the disposition of the funds of the foreign Debtor, and his bankruptcy estate.

## MOTIONS TO DISMISS

Motions to Dismiss were filed by (1) Herbert Humphreys, Jr. (Doc. No. 42); Steven E. Cohen, Jacobsen, Cohen & Cohen, P.A. and Roger Taylor (Doc. No. 49); and Daniel S. Mandel, William Weisman and Mandel Weisman & Kirschner, P.A. (Doc. No. 50). The Motions to Dismiss filed by the Principal Defendants contain a two-prong attack on the claims asserted against them in Counts I, II, III, IV, V, X and XI. First, it is contended that the Plaintiff has no standing to assert any claims either pursuant to the Bankruptcy Code or pursuant to the fraudulent transfer of the State of Florida, § 726.102(3—4)(Definition of Creditor and Claim) and § 725.016, et seq. and § 726.016. Second, it is the contention of the Principal Defendants that the claim asserted under German bankruptcy law are barred by the statute of limitations and, therefore, the claim based on German law should also be dismissed. These are the claims in Counts II and III. In this connection, the Principal Defendants contend that under the doctrine of choice of law, the Plaintiff is bound by the statute or limitations provided by German law.

The Motion to Dismiss file by Humphreys which is attacking Count XII, XIII and XIV of the Second and Third Amended Complaint again is based on the contention that the Plaintiff has no standing to assert a claim under the Florida fraudulent transfer statutes. Concerning the claim set forth in Count XIII based on the German statute dealing with Creditor's Avoidance of Transfer Act, he also contends that the Plaintiff is barred because the action was not brought within the one year statute of limitations period provided under § 41(1) of the German Bankruptcy Code. Humphreys also attacks the claim in Count XIV which is based on the foregoing contention according to Humpreys, which gives no right to the Plaintiff to obtain any accounting.

The Plaintiff primarily relies on the proposition that under the doctrine of choice of law, Florida law applies because all of the German Debtor's contacts, which are relevant to the transactions involved here, occurred in the State of Florida. Therefore, Florida law shall apply to determine the validity of the transfers alleged as set forth in the Second and Third Amended Complaint. To establish its standing, the Plaintiff relies on Federal Common Law choice of law rule concerning the claims based on Florida law. In her response, the Plaintiff ostensibly deals only with the Motions to Dismiss based on the issue of standing but, indirectly, without spelling it out, also concerning the claims based on German law and indicates that on the issue of the statute of limitations, the Plaintiff's German counsel will submit and deal with this issue by a separate submission.

Of course the initial inquiry must be addressed to the Plaintiff's standing to assert any claims under Florida law. The Principal Defendants devote substantial argument and citations of authority in sup-

port of the proposition that the Plaintiff is not entitled to rely on § 544(a) (strong-arm clause) of the Bankruptcy Code and indirectly, although not well articulated, also § 544(b). This part of the argument of the Principal Defendants missed the mark completely because the Plaintiff does not seek any recovery under any voiding powers of a trustee in bankruptcy, but here the claims are based purely on the fraudulent transfer statute of the State of Florida. Thus, it is evident that the reliance of the Principal Defendants on the case of *In re Metzeler,* 78 B.R. 674 (Bankr. S.D.N.Y.1987) is misplaced because *Metzeler* involved an attempt by a foreign representative to use the voiding powers of the Bankruptcy Code under §§ 547 and 548 which is not involved at all in this adversary proceeding.

It is evident from the foregoing that the ultimate question is really not whether the plaintiff has standing to assert claims under pure state law without reference to the Bankruptcy law concerning the limited jurisdiction of this Court. 28 U.S.C. § 1334(b) grants original but not exclusive jurisdiction to the District Court of all civil proceedings, "arising in, arising under or related to" a Bankruptcy case. In turn, this Court's jurisdiction is based on 28 U.S.C. § 157 which, by the general order of reference, grants this Court the limited jurisdiction to consider the jurisdiction granted to the District Court by 28 U.S.C. § 1334(b). It is clear that the lawsuit pending before this Court is neither core nor a related matter. And the only nexus this Court has with this adversary proceeding is that it is filed pursuant to 11 U.S.C. § 304, which grants this Court jurisdiction to consider cases ancillary to a foreign proceeding. Section 304(b) provides the power of this Court in an ancillary to a foreign proceeding and in § 304(b)(1) specifies certain actions. This subsection includes the turnover of such property of such estate or the proceeds of such property to the foreign representation pursuant to § 304(b)(2) or to order appropriate relief by virtue of § 304(b)(3).

The limitation of this Court's power under § 304 as outlined in § 304(b) does not include a suit to utilize state law to recover money or property even though the transactions under consideration occurred in this State and even though the Defendants are residents and citizens of the State of Florida. It should be evident from the foregoing that unless this Court accepts the proposition that the adversary proceeding filed by the Plaintiff falls into the power granted by § 304(b)(2) turnover of property, or the general provision which deals with this Court's power to order other appropriate relief, the claim for relief sought cannot be granted.

The suit under consideration seeks a money judgment based on the fraudulent transfer statute of the State of Florida. It would be stretching the concept of turnover of property of a foreign estate to include a claim to recover money or property because the right to the money sought to be recovered is based on an alleged transfer, which claim is yet to be adjudicated by a Court of competent jurisdiction. The Court held in *Metzeler, supra,* that § 304 does not authorize a foreign representative to use the trustee's voiding powers, all of which are clearly core proceedings. 28 U.S.C. § 157(b)(F)(H). It is evident that Congress did not intend to vest jurisdiction in the Bankruptcy Court by § 304 and to give the power to foreign representatives, which is not granted to panel trustees, to maintain a pure state law non-core proceeding which is not even related to a pending case under 28 U.S.C. § 1334(b). This being the case, this Court is satisfied that it would be an unwarranted extension

of this Court's power under Section 304 to entertain and maintain the lawsuit commenced by the plaintiff, the foreign representative of the estate of Eckhard Möller–Bückins, a Debtor in a Foreign Proceeding.

Based on the foregoing, this Court is satisfied that this Court lacks jurisdiction to maintain this adversary proceeding. In light of the foregoing, it is unnecessary to consider the alternative grounds urged by the Defendants, which was the application of the German Statute of Limitations.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions to Dismiss, be and the same are, hereby granted and this adversary proceeding is hereby dismissed, without prejudice.